IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISON

| | | |
|---|---|---|
| ALEJANDRINA PEREZ TRUJILO AND JACINTO DE LA GARZA, JOINTLY AND ON BEHALF OF THE ESTATE OF JACINTO DE LA GARZA DECEASED § § § § § § | | |
| *Plaintiffs*, § | CIVIL ACTION NO. 9:22-CV-00094 | |
| § | | |
| v. § | | |
| § | | |
| THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, THE GIB LEWIS UNIT, CODY DEGLANDON, INDIVIDUALLY, AND SARGENT DANNA WARREN, INDIVIDUALLY § § § § § § § | | |
| *Defendants.* § | | |

**DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S
MOTION TO DISMISS**

Defendant Texas Department of Criminal Justice (TDCJ), by and through the Attorney General for the State of Texas, files this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). In support thereof, Defendant respectfully offers the following:

**I.     STATEMENT OF THE CASE**

Plaintiffs are representatives of the estate of decedent, Jacinto de la Garza. Plaintiffs filed their Original Complaint on May 20, 2022, alleging that the Texas

1

Department of Criminal Justice, the Gib Lewis Unit[1], Cody Deglandon, and Danna Warren failed to protect Jacinto de la Garza in violation of the Fourth and Fourteenth amendments to the United States Constitution. On November 11, 2021 Jacinto de la Garza was an inmate confined in the Texas Department of Criminal Justice at the Gib Lewis Unit in Woodville, Texas. Plaintiffs contend that Jacinto de la Garza started a fire in his cell, and Cody DeGlandon and Danna Warren failed to protect him by failing to open his cell door. Dkt No. 1 at 3-4, Exhibit A. Plaintiffs sue Defendants TDCJ, Deglandon, and Warren pursuant to 42 U.S.C. § 1983. Plaintiffs additionally sue TDCJ for negligence under state law.

The Texas Department of Criminal Justice moves to dismiss this suit pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs have failed to plead and prove capacity to bring this suit in their individual capacity or as personal representatives of Jacinto De La Garza's estate. Plaintiffs' claims for damages against TDCJ are barred by the Eleventh Amendment. Finally, Plaintiffs' state law claims are barred by sovereign immunity.

## II.  LEGAL STANDARDS UNDER 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of

---

[1] Plaintiffs name the Gib Lewis Unit as a Defendant; however, the Gib Lewis Unit is a non-jural entity and, therefore, not a proper party in a lawsuit. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *see also Combs v. City of Dallas*, 289 F. App'x. 684, 686 (5th Cir. 2008).

demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380, 1384 (5th Cir. 1989). The instant motion falls within the first category.

### III. ARGUMENT AND AUTHORITY

#### A. Plaintiffs' survival claims should be dismissed for lack of capacity.

Plaintiffs bring this suit individually and in the capacity of a representative of the estate of Jacinto de la Garza. While a personal representative of an estate may have standing to bring some of these causes of action, Plaintiffs have not demonstrated that they are the personal representative of Mr. De La Garza's estate and therefore do not have capacity to bring these claims.

Capacity to sue is governed by Federal Rules of Civil Procedure 17(b), which provides that capacity will follow the law of the individual's domicile, which in this case is Texas. Further, in cases involving civil rights suits, standing and capacity are guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the

3

gaps in administration of civil rights suits. *See Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004).

This Court, therefore, must look to Texas law to determine whether Plaintiffs have standing to sue on behalf of Mr. De La Garza's estate. *Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1985). Texas Civil Procedure and Remedies Code 71.021 provides for a survival cause of action in favor of heirs, legal representatives, and estate of the deceased. Tex. Civ. Rem. & Prac. Code 71.021(b). A survival cause of action is "wholly derivative of the decedent's rights," and is "prosecuted in his behalf." *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). The damages recoverable are exclusively those which the decedent himself sustained while alive "and not any damages claimed independently by the survival action plaintiffs." *Id.* (Funeral expenses may be recovered if not previously awarded in a wrongful death action).

In general, only an estate's personal representative has the capacity under Texas law to maintain a survival suit. *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005) (citing *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971)). There is no provision in Texas law for non-judiciary appointment of a personal representative. Rather, a personal representative is one who is appointed by the probate court, takes an oath, and files a bond. Tex. Est. Code § 305.002. This representative is qualified by the court and has a fiduciary duty to maintain and preserve the estate. *See id.* at §§ 101.003, 351.101. Under Texas law, the personal representative does not acquire authority to speak on behalf of the decedent's estate until the probate court issues letters of testamentary or letters of administration. *See*

*id.* at §§ 306.001-.005. Furthermore, when the potential representative applies for letters of administration, the clerk of the court issues a citation to all parties interested in the estate. *Id.* at § 303.001. Any person interested in the estate may appear at the stated time and contest the application for letters of administration.

There are certain circumstances, however, where heirs at law may maintain a survival suit during the statutory four-year period permitted for instituting administration proceedings. *Shepherd v. Ledford*, 962 S.W.2d 28, 31-32 (Tex. 1998). To qualify, such plaintiffs must *allege and prove* that there is no estate administration pending and that none is necessary. *Id.* (emphasis added). Therefore, unless and until an heir proves that no administration is pending and none is necessary, an heir cannot initiate a suit on behalf of the estate. *See id.* A necessity is considered to exist if the administration is necessary to receive or recover funds or other property due the estate. Tex. Est. Code § 306.002.

Here, Plaintiffs have not shown that they have been appointed by a probate court, taken the required oath, and filed the required bond, or that letters testamentary have been issued, as is required by Texas law for a person to become an estate's personal representative. Further, Plaintiffs seek to recover funds, e.g. attorneys' fees, and compensatory, punitive and exemplary damages, on behalf of the estate but have not proven that administration is not pending or that none is necessary. Therefore, Plaintiffs lack legal capacity to bring this suit as personal representative of the estate of Jacinto de la Garza and to the extent this survival claim depends on such capacity, such claims must be dismissed.

### B. Plaintiffs have not alleged facts entitling them to a right of recovery under Texas' wrongful death statute.

Under Texas' wrongful death statute, "a person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." Tex. Civ. Prac. & Rem. Code § 71.002(b). Such an action may be brought by the surviving spouse, children, and parents of the deceased, or by one or more of those individuals for the benefit of all. Tex. Civ. Prac. & Rem. Code § 71.004(b). Except, if those individuals have not begun the action within three calendar months after the death of the deceased, the "executor or administrator of the estate shall bring and prosecute the action unless requested not to by all of those individuals." Tex. Civ. Prac. & Rem. Code § 71.004(c).

Here, Plaintiffs allege that the death of the decedent occurred on November 11, 2021. Dkt No 1 at 3. However, this lawsuit was not commenced until May 20, 2022, more than three months after the alleged date of death. *See generally*, Dkt No. 1. Therefore, the executor or administrator of the decedent's estate was required to bring this action, unless requested not to by any individuals with standing to bring this suit, as identified under Tex. Civ. Prac. & Rem. Code § 71.004(b). Therefore, because Plaintiffs have failed to plead that any such request was made and because Plaintiffs have failed to even show that Plaintiffs have been duly appointed as the executor or administrator of the estate as previously discussed, Plaintiffs' claims must be dismissed. Further, as discussed below, because Plaintiffs' claims against

6

TDCJ are barred by Eleventh Amendment immunity, Plaintiffs' claims must be dismissed as a matter of law.

### C. Plaintiffs' 42 U.S.C. § 1983 claim against TDCJ must be dismissed for lack of jurisdiction pursuant to 12(b)(1).

Plaintiffs allege that TDCJ failed in protect Jacinto De La Garza in violation of his Fourth and Fourteenth Amendment rights. Dkt No 1 at 9. Plaintiffs' 42 U.S.C. § 1983 claim against Defendant TDCJ is barred by Eleventh Amendment immunity. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and is not susceptible to suit for an alleged constitutional violation. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 - 70, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989).

It is well-settled that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, regardless of the relief sought, unless sovereign immunity is expressly waived. *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02, 104 S. Ct 900, 908-09 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 1355-56 (1974). For Eleventh Amendment immunity purposes, a suit against a State agency is a suit against the State. *Pennhurst*, 465 U.S. at 100, 104 S. Ct. at 908. The Texas Department of Criminal Justice is an agency of the State of Texas, so this lawsuit is in effect one against the State of Texas. *See Ruiz v. Estelle*, 679 F.2d 1115, 1137 (5th Cir. 1982). Thus, Plaintiff's 42 U.S.C. § 1983 claim against TDCJ is barred by the Eleventh Amendment and must be dismissed as a matter of law.

### D. Plaintiffs' State Law Claims against TDCJ must be dismissed for lack of jurisdiction pursuant to 12(b)(1).

Plaintiffs allege that TDCJ is liable for the death of Mr. De La Garza due to a premises defect, and they sue TDCJ pursuant to section 101.021 of the Texas Civil Practices and Remedies Code. The Court lacks jurisdiction to hear this claim, because TDCJ has sovereign immunity. Absent clear and unambiguous statutory language establishing a waiver of immunity, sovereign immunity protects the state and its agencies from suit. *See City of Mexia v. Tooke*, 115 S.W.3d 618, 620-21 (Tex. App—Waco 2003, pet granted). A state agency is not liable for the torts of its officers unless constitutional or statutory provisions expressly waives immunity. *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994).

The Texas Tort Claims Act creates a limited waiver of sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021. In order for immunity to be waived under the Texas Tort Claims Act, the claim must arise under one of three specific areas of liability for which immunity is expressly waived. *Medrano v. City of Pearsall*, 989 S.W.2d 141, 143-44 (Tex. App.—San Antonio 1999, no pet). The three specific areas of liability for which immunity has been waived are (1) injury caused by an employee's use of a motor vehicle, (2) injury caused by a condition or use of tangible personal or real property, and (3) claims arising from premise defects. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.022.

To establish liability under a premises defect theory, a licensee must prove, among other things, that the owner's failure to exercise ordinary care to protect the licensee from danger *proximately caused* injury to the licensee. *State Dep't of Highways and Pub. Transp. V. Payne*, 838 S.W.2d 235, 237 (Tex. 1992); *Tex. S. Univ.*

8

*v. Mouton*, 541 S.W.3d 908 (Tex. App. 2018). Texas Courts have consistently held that a complaint of failure to make property safe does not waive immunity under the TTCA without a causal link between such failure and the injury. *See Fryman v. Wilbarger Gen. Hosp., 207 S.W.3d 440, 442 (Tex. App.—Amarillo 2006, no pet.)* The realty itself must be the cause of the injury, not merely the backdrop. *See, Id*. at 441-42 (holding injuries arising from assault by third party on grounds of hospital could not be caused by hospital's condition or use of personal or real property; hospital merely was backdrop for crime); *Renteria v. Housing Authority of El Paso*, 96 S.W.3d 454, 458-59 (Tex. App.—El Paso 2002, pet. denied) (concluding that Housing Authority's immunity was not waived for assault that occurred on the Authority's premises since the realty itself did not cause the injuries); *Dimas v. Tex. State Univ. Sys., 201 S.W.3d 260 (Tex. App. 2006)* (concluding that when a student was sexually assaulted on a university campus her injuries were not proximately caused by the failure of the university to make the campus safe by providing proper lighting.).

Here, Plaintiffs contend that Mr. De La Garza died due to smoke inhalation from a fire he started in his cell. Dkt No. 1 at 3-4, Exhibit A. TDCJ's property did not cause the death of Mr. De La Garza. Mr. De La Garza's injury and death were caused by smoke from a fire he started in his cell. Thus, the state has not waived sovereign immunity, and Plaintiffs state law claims must be dismissed as a matter of law.

## IV. CONCLUSION

Defendant TDCJ is entitled to Eleventh Amendment immunity as to Plaintiffs claims brought pursuant to 42 U.S.C. § 1983. Additionally, the State of Texas has not

9

expressly waived sovereign immunity for the alleged tortious conduct by its employees in the course and scope of their employment. TDCJ, therefore, is entitled to sovereign immunity as to Plaintiffs' negligence claim. Plaintiffs' lawsuit should be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule 12(b)(1).

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/ *Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General
Texas State Bar No. 24072899
Erika.Hime@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR DEFENDANT TDCJ**

**NOTICE OF ELECTRONIC FILING**

I, **ERIKA D. HIME**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Eastern District of Texas, on June 23, 2022.

*/s/ Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **ERIKA D. HIME**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing has been served on all counsel of record via electronic service on June 23, 2022.

*/s/ Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General
