IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISON

| | | |
|---|---|---|
| ALEJANDRINA PEREZ TRUJILO AND JACINTO DE LA GARZA, JOINTLY AND ON BEHALF OF THE ESTATE OF JACINTO DE LA GARZA DECEASED<br><br>*Plaintiffs,*<br><br>v.<br><br>THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, THE GIB LEWIS UNIT, CODY DEGLANDON, INDIVIDUALLY, AND SARGENT DANNA WARREN, INDIVIDUALLY<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:22-CV-00094 |

**PLAINTIFFS' RESPONSE TO DEFENDANT
TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S MOTION TO DISMISS**

Plaintiffs Alejandrina Perez Trujilo and Jacinto De La Garza, jointly and on behalf of the estate of Jacinto De La Garza, file this Response to Defendant Texas Department of Criminal Justice's ("Defendant" or "TDCJ") Motion to Dismiss [doc number]. For the following reasons, this Court should deny Defendant's motion.

**I.
SUMMARY OF ARGUMENTS**

This Court should deny Defendant's Motion to Dismiss for the following reasons:

- Plaintiffs, as the parents of Decedent, have standing and capacity to bring the causes of action pled in their Complaint because the Federal Civil Rights Statutes incorporates the Texas wrongful death and survival statutes.

- Defendant TDCJ's principal argument relies on an overly constrictive interpretation of § 71.004(c) of the Texas Civil Practice and Remedies Code in direct contradiction with established precedent and the purpose of the Texas Estates Code.

- TDCJ Waived Sovereign Immunity.

- This Court has jurisdiction to adjudicate Plaintiffs' State Law claims because Defendant waived its immunity through its negligent acts.

## II.
## STANDARD OF REVIEW

In assessing the arguments raised in the Texas Department of Criminal Justice's Motion to Dismiss under Rule 12(b)(1), this Court must find that the Plaintiff lacks Subject Matter Jurisdiction on the face of the complaint alone. *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996). The three instances in which the Plaintiff may lack Subject Matter Jurisdiction may be found in: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). Furthermore, a motion to dismiss under 12(b)(1) "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

## III.
## ARGUMENT AND AUTHORITIES

A.  **Plaintiffs, as the parents of Decedent, have standing and capacity to bring the causes of action pled in their Complaint because the Federal Civil Rights Statutes incorporates the Texas wrongful death and survival statutes.**

Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. 42 U.S.C. § 1988(a). Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988. *See Rhyne v. Henderson County*, 973 F.2d 386, 390-91(5th Cir. 1992) (finding that standing under Texas wrongful death and survival statutes is incorporated into the Federal Civil Rights Statutes). The action for wrongful death is

distinct from the survival action though they may and frequently are, pursued in a single action. *See* TEX. CIV. PRAC. & REM. CODE §§ 71.021–71.022; *but see* TEX. CIV. PRAC. & REM. CODE. §§ 71.001–71.020.

The Texas Wrongful Death Statute ("TWDS") provides a cause of action for the benefit of surviving children and parents of the deceased. TEX. CIV. PRAC. & REM. CODE ANN. § 71.004(a); *see also Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223, (Tex. 1989) ("Wrongful death benefits attach to those classes of persons identified by the Act who suffer injury as a result of the death; wrongful death benefits do not belong to the decedent's estate.")

The Texas Survival Statute ("TSS") provides that "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE § 71.021(b). Whether a person is an "heir" is determined by reference to the relevant sections of the Texas Estates Code. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 212 (5th Cir. 2016); *see Shepherd*, 962 S.W.2d at 31 (analyzing whether plaintiff was "heir" for purposes of survival statute by applying relevant Probate Code definition). The Texas Estates Code defines an "heir" as "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate." TEX. EST. CODE § 22.015. If a person dies intestate and does not have a spouse or child, the decedent's "estate descends and passes in equal portions to the person's father and mother" as the sole heirs at law. *Id*. at § 201.001(c).

Thus, Plaintiffs, as the parents and heirs of Decedent, have standing under the Texas Wrongful Death Statute, The Texas Survival Statute and consequently, under the Civil Rights Statutes pled.

**B.     Defendant TDCJ's principal argument relies on an overly constrictive interpretation of § 71.004(c) of the Texas Civil Practice and Remedies Code in direct contradiction with established precedent and the purpose of the Texas Estates Code.**

Defendant TDCJ's interpretation of Tex. Civ. Prac. & Rem. Code § 71.004(b) is overly constrictive and misconstrues the law. In Defendant's motion, Defendants assert that §71.004(c) created a three-month statute of limitations for the separate claims of the Plaintiffs under the Wrongful Death Act. Such is simply not the law. Furthermore, Section 71.004(c) of the Texas Civil Practice and Remedies Code makes "no mention of a limitations period for bringing a wrongful death claim, and therefore, neither restricts nor expands the period that has already been held to apply to these actions." *Enciso v. Chmielewski*, 16 S.W.3d 858, 860 n. 2 (Tex. App.—Houston [14th Dist.] 2000. Additionally, Section 16.003(b) of the Texas Civil Practice and Remedies Code states "a person must bring suit no later than two years after the day the cause of action accrues in an action for injury resulting in death." *Id*. at 859. Plaintiffs' wrongful death claims were timely brought within the two-year statute of limitations. Therefore, section 71.004(c) of the Texas Civil Practices and Remedies Code is irrelevant to the discussion of the limitations period for Plaintiffs' wrongful death claim.

Construing the predecessor to this statute (Tex. Prob. Code § 178), "[t]exas has almost from its beginnings looked upon the administration of a decedent's estate as a proceeding to be undertaken or required only if absolutely necessary." *Pitner v. United States*, 388 F.2d 651, 655 (5th Cir. 1967). This is reflected in the express language of the Estates Code which states that "[t]he court may not grant any administration of an estate unless a necessity for the administration exists, as determined by the court." This is a practical exception, designed to conserve the courts' time and resources. *Id*. at 655–56.

C.     **TDCJ Waived Sovereign Immunity.**

Contrary to TDCJ's position, Plaintiffs' causes of action are not barred by Eleventh Amendment immunity. Although government entities are not "persons" and may not be liable under *Respondent Superior*, they are liable when "the defendant violated the plaintiffs' constitutional or statutory rights; and those rights were clearly established at the time of the violation." *Sims v. Griffin*, 35 F.4th 945, 949 (5th Cir. 2022).

As a citizen of the United States, Decedent was entitled to the protections afforded by the Fourth and Fourteenth Amendments to the U.S. Constitution. Defendant violated these rights by depriving Decedent of the right to be secure in his person and depriving him of life and liberty without due process. In a parallel and binding case, the Fifth Circuit recently noted a prisoner has "a constitutional right to not have his serious medical needs met with deliberate indifference on the part of the officers." *Id*. Thus, Defendant clearly violated Decedent's constitutional rights when it acted deliberately indifferent to Decedent burning alive to his demise, did not call for medical help in a timely manner, and kept Decedent locked inside his burning cell.

Furthermore, Decedent's rights were clearly established at the time of the violation. "A right is clearly established only once it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* at 951. Specifically, "a serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Id.* Defendant was aware of Decedent's medical need because Defendant was notified of the fire in Decedent's cell on multiple occasions and let the fire burn for approximately an hour.

Additionally, while the Fifth Circuit has noted, "when a government official violates a constitutional right, the official is nevertheless entitled to qualified immunity if his or her conduct is objectively reasonable in light of clearly established law." *Easter v. Powell*, 467 F.3d 459, 465 (5th Cir. 2006). In the case at bar, Defendant's conduct was not reasonable in light of established law. Allowing Decedent to burn alive is not objectively reasonable.

D. **This Court has jurisdiction to adjudicate Plaintiffs' State Law claims because Defendant waived its immunity through its negligent acts.**

The Texas Tort Claims Act ("TTCA") provides a limited waiver of the state's immunity from suit for certain negligent acts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 and § 101.022; *see also Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). Specifically, the TTCA waives the state's immunity for personal injuries or death caused by: (1) operation or use of publicly owned motor-driven vehicles or motor-driven equipment; (2) a condition or use of tangible personal property; and (3) premises defects. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 and § 101.022.

In the case at bar, the Texas Department of Criminal Justice and the Gib Lewis Unit waived the state's immunity from suit by causing Jacinto De La Garza's death through various premise defects. In premise defects cases, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a).

A licensee must prove the following to establish the breach of duty owed to him: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 389 (Tex. 2016).

At the time of the incident, Jacinto De La Garza was an invitee and therefore, the Texas Department of Criminal Justice and the Gib Lewis Unit owed Jacinto De La Garza a duty to exercise ordinary care, including the duty to warn a licensee of, or to make reasonably safe, a dangerous condition of which the Texas Department of Criminal Justice and the Gib Lewis Unit was aware of. The dangerous conditions include:

- inadequate alarm systems, including by completely lacking fire alarms or having fire alarm systems that do not function properly;
- not having power going to the fire alarms in many housing areas;
- failing to install sprinklers;
- failing to install smoke detectors;
- having electrical violations in every unit;
- failing to inspect and/or test for fire doors; and
- having smoke detectors that do not function properly.

The Texas Department of Criminal Justice and the Gib Lewis Unit knew of these conditions, which are listed in the fire safety inspection reports of the facility at issue. Moreover, Defendants knew that these conditions presented a dangerous hazard and an unreasonable risk of

harm to the inmates. Nonetheless, Defendants failed to exercise ordinary care to protect inmates from these dangerous conditions, despite knowledge of these conditions for years.

Such indifference and failure of Defendants to act proximately caused the incident made the basis of this suit, and as a result thereof, Jacinto De La Garza suffered physical injury, mental anguish and emotional distress, and Plaintiffs suffered severe emotional distress and were damaged thereby.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiffs request Defendant's Motion to Dismiss be denied.

Respectfully submitted,

**SORRELS LAW**

/s/ *Randall O. Sorrels*
Randall O. Sorrels (Attorney-in-Charge)
State Bar No. 10000000
Federal Bar No. 11115
Ruth I. Rivera
State Bar No. 24110286
5300 Memorial Drive, Suite 270
Houston, Texas 77007
Telephone: (713) 496-1100
Facsimile: (713) 238-9500
randy@sorrelslaw.com
ruth@sorrelslaw.com
eservice@sorrelslaw.com

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served by electronic CM/ECF filing on this 7th day of July 2022, on all counsel of record.

                                          /s/ *Randall O. Sorrels*
                                          Randall O. Sorrels)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ALEJANDRINA PEREZ TRUJILO AND JACINTO DE LA GARZA, JOINTLY AND AS REPRESENTATIVES OF THE ESTATE OF JACINTO DE LA GARZA, DECEASED<br><br>*Plaintiffs*,<br><br>V.<br><br>THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, THE GIB LEWIS UNIT, CODY DEGLANDON, INDIVIDUALLY, AND SARGENT DANNA WARREN, INDIVIDUALLY<br><br>*Defendants.* | C.A. NO.: 9:22-CV-00094 |

## ORDER

On the date shown below, came on to be considered Defendant, Texas Department of Criminal Justice's Motion to Dismiss. The Court, after considering Plaintiff's Response and the arguments of counsel, the Court is of the opinion that Defendant, Texas Department of Criminal Justice's Motion to Dismiss should in all things be **DENIED**. It is therefore:

ORDERED, ADJUDGED AND DECREED that Defendant, Texas Department of Criminal Justice's Motion to Dismiss is hereby **DENIED**.

Signed this _____ day of _____, 2022.

_____
JUDGE PRESIDING