# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISON

| | | |
|---|---|---|
| **ALEJANDRINA PEREZ TRUJILO** | § | |
| **AND JACINTO DE LA GARZA,** | § | |
| **JOINTLY AND ON BEHALF OF THE** | § | |
| **ESTATE OF JACINTO DE LA GARZA** | § | |
| **DECEASED** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:22-CV-00195** |
| | § | |
| **THE TEXAS DEPARTMENT OF** | § | |
| **CRIMINAL JUSTICE, THE GIB** | § | |
| **LEWIS UNIT, CODY DEGLANDON,** | § | |
| **INDIVIDUALLY, AND SARGENT** | § | |
| **DANNA WARREN, INDIVIDUALLY** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFFS' SUR REPLY TO DEFENDANT'S REPLY CONCERNING DEFENDANT'S MOTION TO DISMISS

Plaintiffs file this Sur Reply to Defendant, TDCJ's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (*see* Document No. 6). For the following reasons, this Court should deny Defendant's motion.

## I.
## SUMMARY OF ARGUMENTS

I.   Plaintiffs' have viable causes of action against the TDCJ and Defendant's Motion to Dismiss is premature. Further, the TDCJ waived sovereign immunity under the TTCA.

II.  The TDCJ improperly attempts to force Plaintiffs to prove their TTCA cause of action during the infancy of this lawsuit. Further, Defendant provides an erroneous standard in its Reply by alleging Plaintiffs failed to state a claim upon which relief may be granted, seemingly indicating the applicable legal standard to be Rule 12(b)(6), despite its Motion to Dismiss stating the applicable legal standard to be Rule 12(b)(1).

I. **Plaintiffs' have viable causes of action against the TDCJ and Defendant's Motion to Dismiss is premature. Further, the TDCJ waived sovereign immunity under the TTCA.**

The Texas Department of Criminal Justice should not be dismissed from this lawsuit because there are viable causes of actions against Defendant. Further, Defendant's Motion to Dismiss is premature. This lawsuit is in its initial phases with discovery pending, including the exchange of pertinent information and documents and depositions of key witnesses. The forgoing is of especial importance in cases such as the one before this Court where Plaintiffs are not the person with personal knowledge of the acts and omissions complained of. This particular set of facts necessarily impacts the ability of Plaintiffs to set forth its factual and legal contentions, as Plaintiffs must heavily rely on investigative tools for the acquisition of pertinent and vital information.

Nonetheless, the current information before this Court demonstrates the TDCJ is a proper Defendant. Plaintiffs pled federal and state causes of action against the TDCJ (and other Defendants), therefore the applicable immunity standard as to each cause of action should be applied by this Court when assessing the viability of each cause of action the TDCJ takes issue with. Doing so reveals Defendant is a proper party to this lawsuit and should not be dismissed.

While Defendant is generally correct in asserting, "the Texas Tort Claims Act contains a limited waiver of sovereign immunity, but that waiver only applies in state court," Defendant places an improper emphasis on the word "only" to misconstrue the interplay between TTCA claims in federal court and waiver of sovereign immunity. *See Thomas v. City of San Antonio*, No. SA:12-CV-33-DAE, 2014 LEXIS 16000 (W.D. Tex. 2014) ("Baldwin also moved for summary

judgment on Plaintiffs' Texas State Tort Claims Act claims. However, by granting summary judgment to Baldwin on Plaintiffs' § 1983 claim for excessive force, this Court has resolved all of the federal claims against Baldwin. Nonetheless, because Plaintiff may not be able to refile the Texas Tort Claims Act claim in state court, due to the statute of limitations, the Court will exercise its pendant jurisdiction and address the claim on the merits."). Importantly, Defendant ignores pendant jurisdiction. *Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S. Ct. 1207, 25 L. Ed. 2d 442 (1970) ("When a federal court properly has jurisdiction of a pendant state law claim at the outset of a case, any subsequent mootness of the federal claims does not affect the power of the district court to hear the claims, but only influences the calculus of whether to exercise discretion.")

This lawsuit is not exclusively reliant on a TTCA cause of action. There are causes of action under 42 U.S.C. § 1983 against various Defendants, which are not at issue in the TDCJ's motion to dismiss, consequently allowing the TTCA claims to be properly before this Court through its exercise of pendant jurisdiction. *See Richardson v. Bridges*, No. 5:09CV186, 2010 LEXIS 133043, at *3 (E.D. Tex. 2010).

II. **The TDCJ improperly attempts to force Plaintiffs to prove their TTCA cause of action during the infancy of this lawsuit. Further, Defendant provides an erroneous standard in its Reply by alleging Plaintiffs failed to state a claim upon which relief may be granted, seemingly indicating the applicable legal standard to be Rule 12(b)(6), despite its Motion to Dismiss stating the applicable legal standard to be Rule 12(b)(1).**

The TDCJ improperly attempts to force Plaintiffs to prove their TTCA cause of action weeks after filing its lawsuit, despite the fact this case is at its infancy. More concerning is Defendant's seemingly new argument as to Plaintiff's TTCA claim. Specifically, despite including

Rule 12(b)(1) as the proper legal standard for their motion to dismiss (*see* Doc. No. 6)[1] Defendant

appears to argue Plaintiffs failed to state a claim upon which relief may be granted, which is the

legal standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Defendant alleges, in

relevant part,

> Plaintiff's conclusory allegation that "[s]uch indifference and failure
> of Defendants to act proximately caused the incident made the basis
> of this suit…." fails to state a claim under the TTCA. The plaintiff
> must plead specific facts, not mere conclusory allegations, to avoid
> dismissal. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th
> Cir. 1992). The basis of Plaintiffs' lawsuit is their allegation that
> Defendants DeGlandon and Warren failed to open the Decedent's
> cell door after they were alerted that the Decedent started a fire in
> his cell. The Decedent's death was not proximately caused by any
> premises defect at the Gib Lewis Unit.

*See* Doc. No. 9. This argument is improper under the applicable standard Defendant included in

its Motion to Dismiss. *Espinoza v. Tex. Dep't of Crim. Justice* No. 2:19-CV-158-M-BR, 2021

LEXIS 108029, at *8 (N.D. Tex. 2021) ("Nevertheless, this argument does not address whether,

once the TTCA is factually invoked by a claim, a federal court would have jurisdiction over the

claim, even under pendant jurisdiction.")

## III.      Request for Leave to Amend.

In the event the Court deems dismissal appropriate, Plaintiffs respectfully request the Court

allow them to amend their Complaint in order to cure deficiencies, if any. *See Neitzke*, 490 U.S. at

329; *Pierce v. Hearne Independent School Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (citing

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002))

---

[1] Rule 12(b)(1) allows for a dismissal of a complaint based on the absence of subject-matter jurisdiction. FED. R. CIV.
P. 12(b)(1).

[2] Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief may
be granted. FED. R. CIV. P. 12(b)(6).

("Generally, courts should give plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case.").

Respectfully submitted,

**SORRELS LAW**

/s/ *Randall O. Sorrels*
Randall O. Sorrels (Attorney-in-Charge)
State Bar No. 10000000
Ruth I. Rivera
State Bar No. 24110286
5300 Memorial Drive, Suite 270
Houston, Texas 77007
Telephone: (713) 496-1100
Facsimile: (713) 238-9500
randy@sorrelslaw.com
ruth@sorrelslaw.com
eservice@sorrelslaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served by electronic CM/ECF filing on this 7tth day of July 2022, on all counsel of record.

/s/ *Randall O. Sorrels*
Randall O. Sorrels)