## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISON

| | | |
|---|---|---|
| **ALEJANDRINA PEREZ TRUJILO** | § | |
| **AND JACINTO DE LA GARZA,** | § | |
| **JOINTLY AND ON BEHALF OF** | § | |
| **THE ESTATE OF JACINTO DE LA** | § | |
| **GARZA DECEASED** | § | |
| | § | |
| *Plaintiffs*, | § | **CIVIL ACTION NO.  9:22-CV-00094** |
| | § | |
| **v.** | § | **JURY DEMAND** |
| | § | |
| **THE TEXAS DEPARTMENT OF** | § | |
| **CRIMINAL JUSTICE, THE GIB** | § | |
| **LEWIS UNIT, CODY** | § | |
| **DEGLANDON, INDIVIDUALLY,** | § | |
| **AND SARGENT DANNA** | § | |
| **WARREN, INDIVIDUALLY** | § | |
| | § | |
| *Defendants.* | § | |

---

### DEFENDANT CODY DEGLANDON'S ORGINAL ANSWER

Defendant Cody Deglandon, by and through the Attorney General for the State of Texas, files this Original Answer in response to Plaintiffs' Original Complaint. In support thereof, Defendant respectfully offers the following:

### I.  GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), and for the express purpose of requiring Plaintiffs to meet their burden of proof herein, Defendant denies each and every allegation contained in Plaintiffs' Complaint except those expressly admitted herein.

## II. ANSWER

1. In answer to Paragraph 1 of the Complaint, Defendant Deglandon admits that this Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's civil claims arise under laws of the United States, but Defendant reserves the right to contest subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

2. Defendant agrees that venue is proper in the Eastern District of Texas but denies that venue is proper in the Tyler Division.

3. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 as these allegations pertain to another party, and therefore they are denied.

4. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 as these allegations pertain to another party, and therefore they are denied.

5. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 as these allegations pertain to another party, and therefore they are denied.

6. Defendant admits that he was previously an employee of the Texas Department of Criminal Justice. Defendant denies that he can be properly served with process at the address listed in paragraph six.

7.  Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 as these allegations pertain to another party, and therefore they are denied.

8.  Defendant admits that on or about November 11, 2021, a fire ignited in the cell of Jacinto De La Garza and admits that De La Garza was an inmate housed at the Gib Lewis Unit of TDCJ.

9.  Defendant admits he was employed as a TDCJ officer and was on duty on November 11, 2021. Defendant admits he noticed the fire and requested assistance from his supervisors.

10. Defendant does not have sufficient knowledge or information to form a belief as to the truth of all of the allegations in the Houston Chronical article attached to Plaintiff's Complaint, therefore, defendant denies the allegations in paragraph 10. Further, defendant denies that the fire in De La Garza's cell strengthened.

11. Defendant Deglandon admits the statement in paragraph 11.

12. Defendant Deglandon denies the allegations in paragraph 12.

13. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and therefore they are denied.

14. Defendant admits the statement in paragraph 14.

15. Deglandon admits that TDCJ officers opened the cell door and removed De La Garza from the cell. Deglandon has insufficient information to admit or deny whether De La Garza's body was lifeless, so Deglandon denies that allegation.

16. Deglandon is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore they are denied.

17. Deglandon is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore they are denied.

21. Deglandon repeats and realleges his previous responses to the allegations contained in the preceding paragraphs as if set forth and fully stated herein.

22. Deglandon denies the allegations in paragraph 22.

23. Deglandon denies the allegations in paragraph 23.

24. Deglandon denies the allegations in paragraph 24.

25. Deglandon denies the allegations in paragraph 25.

26. Deglandon denies the allegations in paragraph 26.

27. Deglandon denies the allegations in paragraph 27, and denies that Plaintiffs are entitled to punitive damages.

28. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 as these allegations pertain to another party, and therefore they are denied.

29. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 as these allegations pertain to another party, and therefore they are denied.

30. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 as these allegations pertain to another party, and therefore they are denied.

31. Defendant Deglandon denies that Defendant Warren stated "I don't care if he dies." Defendant Deglandon is without knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 31 as these allegations pertain to another party, and therefore they are denied.

32. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 as these allegations pertain to another party, and therefore they are denied.

33. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 as these allegations pertain to another party, and therefore they are denied.

34. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 as these allegations pertain to another party, and therefore they are denied.

35. Deglandon repeats and realleges his previous responses to the allegations contained in the preceding paragraphs as if set forth and fully stated herein.

36. Defendant Deglandon denies the allegations in paragraph 36.

37. Defendant Deglandon denies the allegations in paragraph 37.

38. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 as these allegations pertain to another party, and therefore they are denied.

39. Defendant Deglandon denies the allegations in paragraph 39.

40. Defendant Deglandon denies that he was deliberately indifferent to the health of safety of De La Garza and denies that any of his actions or omissions violated De La Garza's constitutional rights.

41. Defendant Deglandon denies that he was deliberately indifferent to the health of safety of De La Garza and denies that any of his actions or omissions violated De La Garza's constitutional rights.

42. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 as these allegations pertain to another party, and therefore they are denied.

43. Deglandon repeats and realleges his previous responses to the allegations contained in the preceding paragraphs as if set forth and fully stated herein.

44. Defendant Deglandon denies that he was deliberately indifferent to the health of safety of De La Garza and denies that any of his actions or omissions violated De La Garza's constitutional rights.

45. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 as these allegations pertain to another party, and therefore they are denied.

46. Defendant Deglandon denies that he was deliberately indifferent to the health of safety of De La Garza and denies that he had a pervasive pattern of disregard of inmate safety. Further, Defendant Deglandon denies the allegation that he did not take affirmative steps to prevent injury to or ensure the safety of Jacinto De la Garza.  Defendant Deglandon is without knowledge or information to form a

belief about the allegations regarding patterns or practices of TDCJ or Defendant Warren as these allegations pertain to another party, and therefore they are denied.

47. Defendant Deglandon denies the allegations in paragraph 47.

48. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 as these allegations pertain to another party, and therefore they are denied.

49. Defendant Deglandon denies the allegations in paragraph 49.

50. Paragraph 50 states a legal conclusion for which Defendant Deglandon is not required to answer.

51. Paragraph 51 states a legal conclusion for which Defendant Deglandon is not required to answer.

52. Paragraph 52 states a legal conclusion for which Defendant Deglandon is not required to answer.

53. Paragraph 53 states a legal conclusion for which Defendant Deglandon is not required to answer.

54. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54, therefore the allegations are denied.

55. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55, therefore the allegations are denied.

56. Defendant Deglandon is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56, therefore the allegations are denied.

57. Defendant Deglandon denies that any acts or omissions rise to the level of deliberate indifference and conscious indifference constituting a violation of De La Garza's constitutional rights.

58. Defendant Deglandon denies that any act or omission by him was the direct or proximate cause of any injuries or damages alleged in this lawsuit.

59. Defendant Deglandon denies that any act or omission by him was the direct or proximate cause of any injuries or damages alleged in this lawsuit.

60. Defendant Deglandon denies.

61. Defendant Deglandon denies that Plaintiffs are not entitled to damages or attorneys fees.

### III. AFFIRMATIVE AND GENERAL DEFENSES

62. Defendant asserts that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

63. Defendant asserts that any claim premised upon negligent violation of TDCJ or other relevant policy will not support a claim pursuant to 42 U.S.C. § 1983.

64. Defendant asserts that Plaintiffs must demonstrate the personal involvement of Defendant Deglandon to support a claim of constitutional dimension under 42 U.S.C. § 1983.

65. Defendant asserts that any claim premised upon the doctrine of respondeat superior will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

66. Defendant asserts his entitlement to qualified, official, and sovereign immunity.

67. At all times relevant to this cause, Defendant acted, if he acted at all, in his official capacity as an official of TDCJ, with the reasonable and good faith belief that his actions were proper under the Constitution and laws of the state.  A government agent who does not violate clearly established law is entitled to qualified immunity.  *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727 (1982); *Gullate v. Potts*, 654 F.2d 1007 (5th Cir. 1981); *Williams v. Kelley*, 624 F.2d 695 (5th Cir. 1980). Defendant therefore, asserts his entitlement to qualified immunity.

68. Defendant asserts Eleventh Amendment immunity to any federal claim against him in his official capacity.

69. Defendant asserts that claims for monetary damages may not be brought against him in his official capacity as a state official because such claims are not considered to be against "persons" subject to suit under 42 U.S.C. § 1983.

## IV. Jury Demand

70. Defendant hereby demands a trial by jury.

## V. CONCLUSION

Defendant prays that Plaintiffs take nothing and that they be awarded their costs, and have such other and further relief, general and specific, at law and in equity, to which he may be justly entitled.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/ *Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General
Texas State Bar No. 24072899
Erika.Hime@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEY FOR DEFENDANT DEGLANDON**

**NOTICE OF ELECTRONIC FILING**

I, **ERIKA D. HIME**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Eastern District of Texas, on August 1, 2022.

*/s/ Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **ERIKA D. HIME**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via electronic service on August 1, 2022.